UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEVE CRUMP,

    Plaintiff,

v.

ROBERT DERHAM, et al.,

    Defendants.

Case No. 15-cv-00329-HSG (PR)

**ORDER OF DISMISSAL**

On January 23, 2015, plaintiff, an inmate at Lancaster Correctional Facility proceeding *pro se,* filed this civil rights action under 42 U.S.C. § 1983. He is granted leave to proceed in forma pauperis in a separate order.

## DISCUSSION

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). *Pro se* pleadings must be liberally construed, however. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although

in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1974.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.     Legal Claims**

The defendants in this action are: (1) Robert Derham, an attorney who was appointed to represent plaintiff in the direct appeal from his criminal conviction; and (2) Stephanie Clarke, a staff attorney with the First District Appellate Project. In his complaint, plaintiff alleges that he wrote numerous letters to Mr. Derham and Ms. Clarke stating his desire to abandon his appeal. Although defendants attempted to dissuade him from abandoning his appeal, Mr. Derham did send plaintiff an abandonment form per plaintiff's request. Plaintiff states that he signed and dated the form and returned it to Mr. Derham but never received a response confirming that it had been filed. Plaintiff seeks an order directing defendants to file the abandonment and dismissal of his appeal. Plaintiff also requests punitive damages.

The Court first notes that, according to the California Appellate Courts' on-line Register of Actions, plaintiff's request for abandonment of the appeal was filed on January 21, 2015. Indeed, documents submitted by plaintiff indicate that, on January 27, 2015, the Court of Appeal denied plaintiff's request to abandon his appeal. *See* Dkt. 7 at 4 (state appellate court's order denying request to abandon appeal on the ground that record on appeal had already been filed).

In any event, plaintiff's claims must be dismissed. Attorneys in private practice are not state actors. *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003). Services performed by a private attorney in connection with a lawsuit do not constitute action

under color of state law. *Franklin v. Oregon*, 662 F.2d 1337, 1345 (9th Cir. 1981); *Briley v. California*, 564 F.2d 849, 855-56 (9th Cir. 1977). Similarly, appointed counsel does not act under color of state law for purposes of a section 1983 action because their loyalty is not to the appointing authority but to their clients. *Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981); *accord Vermont v. Brillon*, 129 S. Ct. 1283, 1291-92 (2009). In addition, claims for legal malpractice do not come within the jurisdiction of the federal courts. *Franklin*, 662 F.2d at 1344.

## CONCLUSION

For the foregoing reasons, this action is DISMISSED for failure to state a claim upon which relief may be granted. Leave to amend will not be granted because the defect in the complaint is not curable.

In light of the dismissal of this action, plaintiff's motions for appointment of counsel are DENIED. (Dkt. 9, 13.)

The Clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated:  4/29/2015

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge